UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IVEY SMITH,

        Plaintiff,

vs.                             CASE NO.:

CIRCLE K STORES, INC., a Foreign
Corporation,

        Defendant.    /

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, IVEY SMITH, by and through the undersigned attorney, and sues the Defendant, CIRCLE K STORES, INC., a Foreign Corporation, and alleges:

1. Plaintiff, IVEY SMITH, was an employee of Defendant and brings this action for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff, IVEY SMITH was an employee who worked at Defendant's property within the last three years at 6925 E. Broadway Avenue, Tampa, Hillsborough County, Florida.

3. Plaintiff, IVEY SMITH, worked for Defendant from approximately May 2015 to January 2017 as an hourly paid ($10.00/hour) sales clerk.

4. Plaintiff, IVEY SMITH, is a non-exempt employee entitled to overtime compensation.

5. Defendant, CIRCLE K STORES, INC., is a Foreign Corporation that operates and conducts business in Hillsborough County, Florida, among others, and is therefore, within the jurisdiction of this Court.

6. Specifically, CIRCLE K STORES, INC., operates a gas station and convenience store at 6925 E. Broadway Avenue, Tampa, Hillsborough County, Florida, where Plaintiff was employed.

7. Furthermore, Defendant operates hundreds of gas stations across the United States.

8. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

9. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

10. During Plaintiff's employment, Defendant, CIRCLE K STORES, INC., earned more than $500,000.00 per year in gross sales.

11. Defendant, CIRCLE K STORES, INC., employed approximately 100+ employees and paid these employees plus earned a profit from their business.

12. During Plaintiff's employment, Defendant, CIRCLE K STORES, INC., employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as food, drinks, alcoholic beverages, tobacco products, gasoline, and other items used to run the business.

13. Additionally, Defendant, CIRCLE K STORES, INC., specifically engaged

in interstate commerce by providing goods and fuel to tourists traveling through the Tampa area.

14. Therefore, at all material times relevant to this action, Defendant, CIRCLE K STORES, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA Violations

15. At all times relevant to this action, Defendant failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

16. During her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

17. Based upon these above policies, Defendant has violated the FLSA by failing to pay complete overtime pay.

18. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

19. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-18 above.

20. Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

21. During her employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

22. Specifically, Plaintiff was regularly scheduled to work daily shifts from 6:00 a.m. until 2:00 p.m. However, Plaintiff routinely worked past 2:00 p.m. off the clock at the direction of management.

23. Plaintiff was required to work past her scheduled 2:00 p.m. shift whenever her replacement was tardy/late.

24. Furthermore, Plaintiff was required to spend additional time working off the clock when closing out her register and tallying/accounting the cash payments received from customers. This task would not begin until after 2:00 p.m. and after her replacement arrived.

25. Plaintiff regularly worked five (5) days a week.

26. Plaintiff voiced her concern regarding the off the clock work to management but was unable to have the violation corrected.

27. Specifically, management explained to Plaintiff that the store does not pay for overtime.

28. Plaintiff would then be offered additional hours at another Circle K location if she wanted more work at her regular rate.

29. Defendant did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

30. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour

4

worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

31.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

32.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, IVEY SMITH demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

/s/ Matthew R. Gunter

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:  (407) 867-4791
Email:       mgunter@forthepeople.com
Attorneys for Plaintiff